# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CATHY LEA NEAL,<br><br>Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C12-4080-MWB<br>CR-08-4057-MWB<br><br>**ORDER REGARDING RESPONDENT'S MOTION TO DISMISS** |

## I. INTRODUCTION AND BACKGROUND

On September 18, 2008, petitioner Cathy Neal pleaded guilty with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. On September 29, 2009, petitioner Neal was sentenced to 240 months imprisonment and 10 years supervised release. Neal did not appeal her sentence. On August 20, 2012, Neal filed her *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. In her petition, Neal asserts that two United States Supreme Court decisions, *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), announced rights which apply to her case. The case is presently before me on respondent's Motion To Dismiss, in which the respondent seeks dismissal of Neal's § 2255 Motion as untimely. Neal claims, however, that *Frye* and *Lafler* involved Supreme Court recognition of a new right to effective assistance of counsel in the plea bargaining context, thus making her motion timely.

## II. LEGAL ANALYSIS

### A. Timeliness of Neal's § 2255 Motion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, § 105, 110 Stat. 1220, established a mandatory one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4).

Neal's conviction became final on October 9, 2009, ten days after entry of the judgment. Thus, Neal's time for filing her § 2255 expired on October 9, 2010. Neal does not claim any impediment prevented her from filing her § 2255 motion and she makes no claim of newly discovered evidence. Neal, however, asserts that her § 2255 motion is timely due to a newly-recognized right, made retroactive by the United States Supreme Court, to cases on collateral review by its decisions in *Frye*, 132 S. Ct. 1399 and *Lafler*, 132 S. Ct. 1376.

In *Frye*, the United States Supreme Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408. As a result

2

of this duty, the Court emphasized that the right to effective assistance of counsel extends to the negotiation and consideration of plea offers that have been rejected or have lapsed. *Id*. at 1407–08. In *Frye's* companion case, *Lafler*, the Court reiterated that the Sixth Amendment requires effective assistance not just at trial but at all critical stages of a criminal proceeding, including plea bargaining. *Lafler*, 132 S. Ct. at 1384. In order to prevail on a claim of ineffective assistance of counsel when counsel's ineffective advice led to the rejection of a plea offer, the Court held that "a defendant must show that but for the ineffective advice, there is a reasonable probability that [1] the plea offer would have been presented to the court . . .; [2] the court would have accepted [the plea];" and (3) the defendant was convicted of a more serious offense or received a less favorable sentence than he would have received under the terms of the offer. *Id*. at 1385.

Here, Neal does not allege that her counsel failed to present a more favorable plea offer than the conviction or sentence she received, nor does she allege that counsel's conduct caused her to reject a plea offer and proceed to trial. To the contrary, Neal pled guilty based on a written plea agreement. Thus, neither *Frye* nor *Lafler* excuse her late filing. Moreover, these decisions did not establish a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. To date, every federal circuit court of appeals, including the Eighth Circuit Court of Appeals, to consider the question has held that *Frye* and *Lafler* do not establish a new rule of constitutional law. *See Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam); *see also In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013) (per curiam); *Gallagher v. United States*, 711 F.3d 315, 315–16 (2d Cir. 2013) (per curiam); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam); *Hare v. United States*, 688 F.3d 878, 879, 881 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932–34 (11th Cir. 2012) (per curiam). Therefore, I conclude that Neal's

§ 2255 motion was filed beyond the statute of limitations period, and grant respondent's Motion to Dismiss Neal's § 2255 motion as untimely.

## B. Certificate of Appealability

Neal must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Neal's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Neal's claims, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Neal wish to seek further review of her petition, she may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

## *III.    CONCLUSION*

For the reasons discussed above, I grant respondent's Motion to Dismiss Neal's § 2255 motion as untimely and dismiss Neal's § 2255 motion. I further order that no certificate of appealability shall be issued for any of Neal's claims.

**IT IS SO ORDERED**.

**DATED** this 31st day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA